```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

TODD F. FRAZIER,

        Petitioner,
v.                            Case No. 2:07-cv-586-FtM-33DNF

UNITED STATES OF AMERICA,

        Respondent.
_____/

**ORDER**

This cause comes before the Court pursuant to "Petitioner's Request for a Certificate of Appealability" (Doc. # 18), which was filed on October 18, 2008. Also on October 10, 2008, Petitioner filed his "Motion for Leave to Proceed In Forma Pauperis." (Doc. # 20). On November 5, 2008, the Government filed its "Response to Petitioner's Request for a Certificate of Appealability." (Doc. # 22). For the reasons that follow, Petitioner's motion are denied.

**I.  Background**

Petitioner was charged in a one count indictment on December 15, 2004, with "knowingly and willfully possess[ing] with intent to distribute fifty (50) grams or more of a mixture or substance containing a detectable amount of cocaine base, also known as crack cocaine, a Schedule II Controlled

Substance." (Cr. Doc. # 1 at 1).[1]  Petitioner filed a number of pretrial motions, most notably a motion to suppress evidence on June 20, 2005 (Cr. Doc. # 30).  By his suppression motion, Petitioner sought the suppression of a tan felt bag containing cocaine that was found by law enforcement in the vehicle Petitioner was driving on October 20, 2004, during a traffic stop.  Petitioner sought suppression of the cocaine, asserting that the traffic stop in question, which involved the use of K-9 drug detection dogs by law enforcement, was unreasonably long in duration.  Petitioner also argued that law enforcement went on an unconstitutional "fishing expedition" by asking Petitioner and his passenger Ms. Jones a series of questions "unrelated to the purpose of the stop." (Cr. Doc. # 30 at 6).

The Government filed a response in opposition to the motion to suppress on June 29, 2005 (Cr. Doc. # 36) providing a description of the factual issues presented in this case as well as detailed arguments touching the validity of the traffic stop, the K-9 free air sniff, the seizure of the contraband, and other issues.  This Court held an evidentiary hearing on the suppression motion on June 29, 2005 (Cr. Doc.

---

[1] References to the criminal docket "Cr." are to case 2-04-cr-120-FtM-33DNF.

2

# 37).  The Government presented the testimony of Corporal Ahlquist and Corporal Hedrick, the two police officers who were involved in the seizure of the contraband and the arrest of Petitioner.  The Government also presented the testimony of Deputy Russell Graham, the head K-9 trainer with the Lee County Sheriff's Office.[2]  Petitioner did not present any witnesses.  After hearing the testimony of the witnesses and the arguments of counsel, this Court denied the motion to suppress. (Cr. Doc. # 37).

On August 5, 2005, the Government filed its 21 U.S.C. § 851 notice entitled "Government's Information and Notice of Prior Convictions" (Cr. Doc. # 56).  The Government's § 851 Notice contained the following prior convictions:

> On or about February 26, 1992, the defendant was convicted in the Circuit Court for the Sixth Judicial Circuit, Pinellas County, Florida, of Sale of Cocaine and Possession of Cocaine in violation of the laws and statutes of the State of Florida in case number CRC 89-9365-CF.
>
> On or about February 26, 1992, the defendant was convicted in the Circuit Court for the Sixth Judicial Circuit, Pinellas County, Florida, of Sale of Cocaine and Possession of Cocaine in violation of the laws and statutes of the State of Florida in case number CRC 91-2497-CF.
>
> On or about February 26, 1992, the defendant

---

[2] During the suppression hearing, this Court certified Deputy Graham as an expert in the areas of K-9 training and K-9 certification.

3

> was convicted in the Circuit Court for the Sixth Judicial Circuit, Pinellas County, Florida, of Trafficking in Cocaine and Conspiracy to Traffic in Cocaine in violation of the laws and statutes of the State of Florida in case number CRC 91-09041-CF.

(Cr. Doc. # 56). The notice clearly described the implications of the prior convictions: "Said convictions are prior convictions within the meaning of Tile 21, United States Code, Section 851, which mandates an increased sentence under Title 21, United States Code, Section 841(b)." (Cr. Doc. # 56). Specifically, the notice warned Petitioner that he faced "a mandatory term of life imprisonment without release" pursuant to Section 841(b)(1)(A). (Cr. Doc. # 56 at 2).

Petitioner was tried by a jury on August 10-12, 2005. (Cr. Doc. ## 61, 62, 63). On August 12, 2005, the jury returned a unanimous verdict finding Petitioner guilty of the sole count of the indictment. (Cr. Doc. # 69). Specifically, the jury found Petitioner guilty of possession with intent to distribute fifty (50) grams or more of a mixture or substance containing a detectable amount of cocaine base, also known as crack cocaine, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A)(iii)." (Cr. Doc. # 69). Petitioner filed a motion for a new trial on August 18, 2005 (Cr. Doc. # 71), and this Court denied the motion for a new trial on August 30,

2005. (Cr. Doc. # 72).

This Court sentenced Petitioner to life imprisonment, supervised release of 120 months, and a special assessment of $100. (Cr. Doc. # 73). Judgment reflecting Petitioner's sentence was entered on November 16, 2005. (Cr. Doc. # 74). Petitioner filed a direct appeal on November 18, 2005 (Cr. Doc. # 75). On August 25, 2006, the Eleventh Circuit affirmed Petitioner's conviction in a lengthy order. (Cr. Doc. # 95).

On September 1, 2007, Petitioner filed a motion pursuant to 28 U.S.C. § 2255. (Doc. # 1). On February 26, 2008, Petitioner filed an onmibus motion, alleging, inter alia, that Corporal Ahlquist and Corporal Hedrick committed perjury. (Doc. # 10). On September 1, 2008, this Court denied both the Section 2255 motion and the omnibus motion. (Doc. # 16). The Court specifically addressed Petitioner's allegations regarding perjury. Judgment in favor of the Government was entered on September 2, 2008. (Doc. # 17).

## II. Appeal of the 2255 Proceedings

On October 10, 2008, Petitioner filed his request for a certificate of appealability (Doc. # 18) and his motion for leave to appeal in forma pauperis. (Doc. # 20). The Government filed its response in opposition on November 5, 2008. (Doc. # 22).

On April 24, 1996, the President signed into law amendments to 28 U.S.C. §§ 2244, 2253, 2254, 2255, Appellate Rule 22, and 21 U.S.C. § 848(q). As a result, this Court should grant an application for a certificate of appealability only if the Petitioner makes a substantial showing of the denial of a constitutional right. To make this substantial showing, Petitioner "must demonstrate that the issues are debatable among jurists of reason" or "that a court could resolve the issues [differently]." Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983) (citation omitted).

In addition, Petitioner could show "the questions are adequate to deserve encouragement to proceed further." Id. Specifically, where a district court has rejected a prisoner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. See Slack v. McDaniel, 529 U.S. 473, 484 (2000); Hernandez v. Johnson, 213 F.3d 243, 248 (5th Cir.), cert. denied, 531 U.S. 966 (2000).

When the district court has rejected a claim on procedural grounds, the petitioner must show that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of

reason would find it debatable whether the district court was correct in its procedural ruling. <u>Slack</u>, 529 U.S. at 484; <u>Franklin v. Hightower</u>, 215 F.3d 1196, 1199 (11th Cir. 2000) (per curiam), <u>cert. denied</u>, 532 U.S. 1009 (2001).

Here, Petitioner's claims were denied on the merits, rather than on procedural grounds, and Petitioner has failed to make the requisite showing for a certificate of appealability. His motion simply rehashes previously made arguments which this Court has already adjudicated. Further, Petitioner has not, and cannot, demonstrate that reasonable jurists would find this Court's assessment of the constitutional claims debatable or wrong. Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

Accordingly, it is now

**ORDERED, ADJUDGED, and DECREED:**

(1) Petitioner's Request for a Certificate of Appealability (Doc. # 18) is **DENIED**.

(2) Petitioner's Motion for Leave to Proceed In Forma Pauperis (Doc. # 20) is **DENIED**.

**DONE** and **ORDERED** in Ft. Myers, Florida, this <u>28th</u> day of November, 2008.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to:

Petitioner
AUSA